## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

July 13, 2006

**Appearances:**

Juan Manuel Gonzalez-Cifuentes,
c/o Alvaro and Anne S. Gonzalez
145 Glen Road
North Babylon, NY 11703
      Plaintiff, *pro se*.

Christopher J. Christie, United States Attorney,
Leah A. Bynon, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
      Attorney for Defendant Gregory Kendrick.

Re:    Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec. et al. 04-04855 (WHW)
       Defendant Gregory Kendrick's Motion to Dismiss

Dear Litigants:

    Defendant Gregory Kendrick ("Kendrick") moves to dismiss the complaint as to him pursuant to Fed.R.Civ.P. 12(b)(6). Because Kendrick has introduced evidence outside the complaint by way of affidavit, the Court will convert the motion to one for summary judgment pursuant to Fed.R.Civ.P. 56. The motion, decided without oral argument pursuant to Fed.R.Civ.P. 78, is granted.

# BACKGROUND[1]

Plaintiff, Juan Manuel Gonzalez-Cifuentes, filed a complaint *in forma pauperis* on October 1, 2004, alleging various civil rights violations committed during his stay in the Bergen and Passaic County Jails as an immigration detainee.[2] Plaintiff filed an amended complaint on February 25, 2005 adding as defendants, a number of state and federal employees, including Kendrick. Kendrick is an employee of the Bureau of Immigration and Customs Enforcement ("ICE"). He has served in various supervisory roles at ICE: From October 2003 to March 2004, as the Supervising Deportation & Detention Officer in the Philadelphia field office; from March 2004 to July 2004 as the Supervising Deportation & Detention Officer for Fugitive Operations in Marlton, NJ; from August 2004 to December 2004, as the Acting Field Office Director in Newark, NJ; and finally, from January 2005 to April 2005 as the Supervising Deportation & Detention Officer for the Newark and Marlton Fugitive Operations teams. (Aff. of Gregory J. Kendrick ¶3.)

---

[1] As the Court has already recited the facts of this case in great detail, we will only detail those facts relevant to the pending motion. The Court directs the parties to its May 3, 2005 opinion, 2005 WL 1106562 (D.N.J. 2005), for a more detailed explication of the factual background of this case.

[2] Plaintiff alleges generally that prison officials did not comply with standards set forth by ICE in a Jail Handbook. (Am. Compl. ¶¶29-30.) These violations allegedly included, *inter alia*, failure to provide personal hygiene products, (Id. 32), failure to provide an adequate diabetic diet, (Id. 40), and failure to provide health and dental care. (Id. 46.) Plaintiff alleges injury from an incident in the Bergen County Jail where correction officers allegedly ordered plaintiff and a fellow detainee to enter their cell, shouted obscenities and racial slurs at him, and punched him between his ear and neck. (Id. 68-75.) Plaintiff also claims that complaints he lodged about the alleged incidents were ignored by ICE staff. (Id. 81-96.)

In May 2005, the Court, *sua sponte,* dismissed a number of plaintiff's claims but permitted certain claims to proceed. See Gonzalez-Cifuentes v. Dep't of Homeland Sec., No. 05-5866, 2005 WL 1106562 (D.N.J. May 3, 2005) (unpublished decision). Plaintiff's claims against the United States Department of Homeland Security and ICE were dismissed, with prejudice, for failure to state a claim upon which relief can be granted. Plaintiff's claims alleging denial of medical care, verbal harassment, denial of grievance procedure, unlawful searches and denial of equal protection were also dismissed, with prejudice, for failure to state a claim. Plaintiff's claim asserting denial of access to the courts was dismissed without prejudice. The Court permitted some of plaintiff's claims to proceed, including his allegations of excessive force, unconstitutional conditions of confinement, interference with the mail, failure to train and supervise, and common law assault and battery. Kendrick is implicated only in the alleged unconstitutional conditions of confinement and failure to train and supervise charges.

Since the Court's May 2005 order, plaintiff has been deported to Columbia. He filed a notice of change of address with the Court on March 20, 2006, requesting all mail to be forwarded to his brother and sister-in-law in New York. Kendrick filed his motion to dismiss on March 9, 2006. In response to the motion, plaintiff requested a thirty day extension on March 28, 2006, which the Court granted. Since then, the Court has received no correspondence from plaintiff and no opposition to Kendrick's motion has been filed. Notwithstanding the lack of opposition, the Court decides the motion on the merits.

Kendrick moves the Court to dismiss the complaint as to him on the grounds that he was not involved in the alleged violations in either a personal or supervisory capacity.[3]  Kendrick claims that the New York City Detention and Removal Operations Office ("DRO"), not the New Jersey DRO, contracts with and retains jurisdiction over the Bergen and Passaic county jails. (Kendrick Aff. ¶¶7-8.)  Kendrick also claims that he is entitled to qualified immunity.  Because the Court agrees that Kendrick was not involved either in a personal or supervisory capacity at the facilities at issue, the complaint will be dismissed as to him.

## STANDARD

If the Court considers evidence outside the complaint it must convert the 12(b)(6) motion to a motion for summary judgment under Rule 56.  A trial court has some discretion to address evidence outside the complaint when ruling on a 12(b)(6) motion, including exhibits or affidavits attached to the complaint or new evidence that is uncontested.  Pryor v. NCAA, 288 F.3d 548, 559-60 (3d Cir. 2002) (citing Kulwicki v. Dawson, 969 F.2d 1154, 1462 (3d Cir. 1992); 5A Wright & Miller, Fed. Prac. & Proc. § 1366 (2006)).  The Court, however, must convert the 12(b)(6) motion to a Rule 56 motion if newly introduced evidence involves a disputed factual issue.  See Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004), cert. denied 543 U.S. 918 (2004) (holding that the district court can take judicial notice of the existence of a prior judicial opinion but "not for the truth of the facts asserted in the opinion," and noting that the courts must "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" in ruling on a 12(b)(6)

---

[3]  See Note 2, supra, and the May 2005 opinion for a detailed discussion of plaintiff's claims.

motion.); see generally 27a Fed. Proc., L. Ed. §62.508 (2006) ("The court is not permitted to look at matters outside the record [without converting to a Rule 56 motion] . . . Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.")  Here, the Court will consider the affidavit submitted by Kendrick but to do so, must convert the 12(b)(6) motion to a Rule 56 motion for summary judgment because the affidavit states facts outside of the complaint.

Generally, in converting a motion to dismiss into one for summary judgment, the Court must give the non-moving party notice of the conversion and an opportunity to present material to the court in response.  Carver v. Plyer, 115 F. App'x 532, 536 (3d Cir. 2004) (citing Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989)).  However, the Court need not do so if the party was already on notice.  Id. ("Motions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment.").  Furthermore, the Court need not provide notice if converting without notice would not prejudice the non-moving party.  See Kramer v. Kubicka, No. 05-2621, 2006 WL 1644825 at *2 (D.N.J. June 9, 2006) (slip opinion) ("[W]hen the parties are on sufficient notice of potential conversion and the opposing party is not prejudiced by such conversion, such express notice by the Court is not necessary").  Here, the Court notes plaintiff's failure to respond to Kendrick's motion and will dispense with notice to plaintiff for conversion because such notice would likely be futile given plaintiff's failure to contest the facts asserted in Kendrick's affidavit.  Since plaintiff had and did not use the opportunity to respond, at this point he is not prejudiced by conversion.  See id.

After converting the motion to one for summary judgment, the Court notes that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Todaso v. Bowman, 872 F.2d 43, 46 (3d Cir. 1989).  Additionally, the Court is mindful that it must construe plaintiff's *pro se* complaint liberally, and not to the strict standards that the court would apply to a lawyer's pleadings. Haines v. Kerner, 404 U.S. 519, 421 (1972); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

## ANALYSIS

Plaintiff's claims in his amended complaint arise under 42 U.S.C. §1983.  The alleged §1983 violations include the counts asserted against state prison officials who plaintiff alleges acted under color of state law, in violation of the Constitution. (Am. Compl. ¶¶13-19).  Similarly, plaintiff's claims against Kendrick, a federal employee who allegedly acted under color of federal law in violation of the Constitution, properly arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens relief is a common law equivalent to the relief available under §1983 and to state a claim, plaintiff must demonstrate that (1) he has been deprived of a right secured by the Constitution and laws of the United States and (2) that the deprivation was caused by an official acting under color of federal law. Alexis v. U.S. Dep't of Homeland Sec., No. 05-1484, 2005 WL 1502068 at *4 (D.N.J. June 24, 2005); see Mahoney v. Nat'l Org. for Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Bros. Inc. v. Brooks, 436 U.S. 139, 155-56 (1978)).

A Bivens claim cannot succeed under a theory of respondeat superior.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell v. NYC Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)).  In order to hold an individual supervisor liable under Bivens, a plaintiff must demonstrate either that the defendant was personally involved in the violation or had actual knowledge of and acquiesced to a subordinates' violation.  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997) (quoting Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995)); see also Martinez v. California, 444 U.S. 277, 285 (1980) (holding that some direct personal involvement is required in order to confer §1983 liability); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976) ("To establish a constitutional violation, the indifference must be deliberate and the actions intentional.").

Turning to plaintiff's amended complaint, there is no explicit contention that Kendrick was personally involved in the alleged constitutional violation.  Short of allegations of direct involvement, plaintiff's Bivens claim can survive summary judgment only if plaintiff demonstrates that a reasonable jury could find that defendant Kendrick had actual knowledge of and acquiesced to a subordinate's constitutional violation.  But if the Court accepts Kendrick's statements that he was never in any supervisory control over the Bergen or Passaic prisons during plaintiff's imprisonment, then it is clear that plaintiff cannot show actual knowledge and acquiescence.  If Kendrick had no supervisory control over the two prisons, then plaintiff's Bivens claim would fail even if a simple respondeat superior showing were sufficient.

Kendrick's claim that the Newark office lacked supervisory control over the Bergen and Passaic prisons is contradicted only by implication in plaintiff's amended complaint.[4] Plaintiff assumes, perhaps because of geography, that Kendrick's office has supervisory control over these prisons without an explicit allegation of control. Given the duty to liberally construe *pro se* complaints, the Court assumes that plaintiff intended to allege that fact. However, in the context of a motion for summary judgment, a party opposing the motion "cannot rest upon 'mere allegations or denials of the adverse party's pleading' but must respond with affidavits or depositions setting forth 'specific facts showing that there is a genuine issue for trial.'" Day v. Walker 147 F. App'x 292, 294 (3d Cir. 2005) (quoting Fed.R.Civ.P. 56(e)). Given that (1) the allegation that Kendrick supervised the two prisons is taken from the complaint by inference and (2) plaintiff failed to respond to Kendrick's assertion that he lacked any supervision over the prisons at issue – even after receiving notice of the motion and having been granted a thirty day extension to respond – the Court will accept defendant Kendrick's contentions. See Day 147 F. App'x at 294 (where *pro se* plaintiff did not contradict the factual assertions made by the moving party because he "filed no response to summary judgment motion" the defendants "were entitled to judgment as a matter of law.")

---

[4] Plaintiff alleges that defendant Kendirck was "ICE Field Office Director of Newark District at all times relevant to this complaint working at ICE Newark." (Am. Compl. ¶ 7.) He sues all named defendants both in their individual and official capacities. (Id. 20.) He alleges that ICE contracted with the Passaic and Bergen county jails to hold immigration detainees. (Id. 25.) The complaint in general suggests that ICE put out a handbook with certain policies that were not being met and that he had reported this to various officials. (Id. 29; 55-56.) He also specifically alleges that Defendant Kendrick ignored his grievances (Id. 96.)

In light of the evidence presented in Kendrick's affidavit, the Court holds that plaintiff fails to demonstrate personal involvement or actual knowledge and acquiescence on the part of Kendrick. Kendrick is entitled to summary judgment and dismissal of the claims against him.[5]

## CONCLUSION

For the foregoing reasons, it is on this 13th day of July, 2006,

ORDERED that defendant Kendrick's motion to dismiss the Amended Complaint as to him is GRANTED.

s/William H. Walls
United States Senior District Judge

---

[5] Having determined that Kendrick was not involved in the incidents alleged so that a Bivens claims is not supported, the Court need not address defendant Kendrick's argument of qualified immunity.