## UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

June 7, 2007

Appearances:

*Plaintiff*
Juan Manuel Gonzales-Cifuentes
145 Glen Road
North Babylon, NJ 11703
*Pro Se*

*Attorney for Defendants*
Carmen Cortes-Sykes
Goodman, Galuluccio & Chessin
337 Park Ave.
P.O. Box 2037
Patterson, NJ 07509

Re:   Juan Manuel Gonzales-Cifuentes v. U.S. Department of Homeland Security, et. al
      No. 04-4855  (WHW)
      Defendants' Motion to Dismiss for Failure to Prosecute

Dear Litigants:

This matter comes before the Court on Defendant Jerry Speziale's motion to dismiss Plaintiff's Complaint for failure to prosecute. Defendant Speziale brings this motion on behalf of all defendants. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. The motion to dismiss is granted.

1

**FACTS AND PROCEDURAL HISTORY**

On October 1, 2004, Plaintiff Juan Manuel Gonzales-Cifuentes, filed a civil rights action in forma pauperis alleging various civil rights violations committed during his stay in the Bergen and Passaic County jails as an immigration detainee.  On May 3, 2005, this Court sua sponte dismissed, in its entirety, the Complaint against the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement.  The Court also dismissed, with prejudice, the claims alleging denial of medical care, verbal harassment, denial of grievance procedure, unlawful searches, and denial of equal protection, with prejudice, for failure to state a claim.

On May 17, 2006, Plaintiff submitted a letter advising that he was residing in Bogota, Columbia.  On May 22, 2006, he further advised that all future contact should be directed to his brother and sister-in-law, Alvaro and Anne S. Gonzales, at 145 Glen Road, North Babylon, NJ 11703.   Plaintiff has had no contact since with Defendant Speziale or his attorneys.

On November 1, 2005, then Magistrate Susan Wigenton issued an Order directing the time in which discovery was to be completed.  Defendant Speziale requested an extension, which was granted by Order on June 5, 2006.  The Order allowed for discovery by way of interrogatories and directed all parties to file a narrative statement of facts, the names and addresses of witnesses, and a summary of their testimony for trial by September 5, 2006.

Interrogatories were forwarded to the persons and address provided by Plaintiff, but to date, he has not responded.  Nor has Plaintiff filed his narrative statement of facts.  On October 2, 2006, Defendant Speziale filed the present motion to dismiss for lack of prosecution and, in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  A copy of the motion was sent to the persons and address provided.  Plaintiff did not respond.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.   Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision. . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Dismissal is an extreme sanction which is reserved for instances in which it is justly warranted.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984). However, dismissal is appropriate if a party fails to prosecute the action.  Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).  Failure to prosecute does not require that a party take affirmative steps to delay the case.  A failure to comply with court orders, failure to respond to discovery, or other failure to act is sufficient to constitute lack fo prosecution.  Admas v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).

In determining whether to impose the punitive sanction of dismissal, a district court must apply the factors enumerated in Poulis v. State Farm Fire and Casualty Co.:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history or dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868; see also Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 1994).

It is not necessary that all of the Poulis factors weigh against the non-moving party in order to justify dismissal of a claim.  Sunday v. United States, No. 89-8374, 1992 WL 221322, *2 (E.D.

3

Pa. 1992).

## DISCUSSION

In assessing whether Plaintiff's conduct warrants dismissal, the Court carefully weighs the Poulis factors.  First, it appears that the party is personally responsible for the delays. Plaintiff is pro se so he cannot claim that his failure to comply with discovery resulted from the inaction of his attorneys.  See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992).  Defendant Speziale mailed interrogatories and the present motion to the persons and address provided by Plaintiff: Juan Manuel Gonzales-Cifuentes, c/o Alvaro Gonzales, 145 Glen Road, North Bablon, NJ 11703.  Therefore, Plaintiff had the requisite notice.

The second factor also favors dismissal.  There is undoubtedly prejudice to Defendants. Defendants cannot be expected to defend themselves against suit when Plaintiff is uncooperative in providing discovery and has disregarded the Magistrate's Scheduling Order.

Likewise, the third and fourth factors favor dismissal.  A review of the docket indicates that the last time Plaintiff was active in the case was on March 28, 2006, when he wrote a letter to the court regarding a thirty day extension in which to respond to a motion to dismiss Defendant Gregory Kendrick as a defendant.  Ultimately, Plaintiff did not respond to the motion by Kendrick or to a similar motion made by Defendant Trevor Boyce.  Nor did he respond to the present motion to dismiss for failure to prosecute.  It appears that Plaintiff has abandoned his case.

The fifth factor, the appropriateness of other sanctions, similarly favors dismissal.  Since Plaintiff is proceeding in this action in forma pauperus, monetary sanctions are not a viable option.

Finally, the Court considers the meritoriousness of the claim.  A claim is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery

4

by the plaintiff.  Id. at 870.  This Court has already reviewed Plaintiff's claims and determined that the claims alleging excessive use of force, conditions of confinement, interference with the mail, failure to train, and the common law claim of assault and battery were sufficient to proceed. Accordingly, the Court finds that there is merit to the claims.

After carefully weighing and balancing the Poulis factors, the Court concludes that it is appropriate to dismiss Plaintiff's complaint at this time.  Since, the Court grants Defendants' motion to dismisses for failure to prosecute, the Court need not consider the alternative.

## CONCLUSION

It is on this 7th day of June, 2007,

ORDERED that Plaintiff's Complaint, in its entirely, is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

                                      s/ William H. Walls
                                    **William H. Walls, U.S.S.J.**